UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LAVONA STAFFORD,** Individually and for Others Similarly Situated**,** )<br>)<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**ELDERCARE MANAGEMENT** )<br>**SERVICES, INC., d/b/a STONEBRIDGE** )<br>**SENIOR LIVING,** )<br>)<br>**Defendant.** ) | No. 4:24-cv-00690-CMS |

## **MEMORDANDUM AND ORDER**

Before the Court is the Motion for Conditional Certification of Plaintiff Lavonna Stafford. (Doc. 36). For the reasons set forth below, Plaintiff's Motion is GRANTED in part.

## BACKGROUND

Defendant Eldercare Management Services, Inc., d/b/a Stonebridge Senior Living ("StoneBridge") is a group of senior living communities. Its Missouri locations include a location described in the pleadings only as "Adams Street," and locations in Chillicothe, De Soto, Florissant, Hermann, Lake Ozark, Marble Hill, Maryland Heights, Oak Tree, Owensville, Villa Marie, and Westphalia. (Doc. 39 at 5). Its locations provide memory care, skilled nursing, and related services, (Doc. 36 at 7), although Defendant asserts that only some locations, such as Villa Marie, provide memory care, (Doc. 39 at 5).

1

According to Plaintiff's Motion, Defendant has a companywide policy of automatically deducting lunch breaks from patient care workers' compensable hours even when they work during their lunch breaks. (Doc. 36 at 8). Plaintiff alleges that Defendant's practice is to discourage employees from recording time worked by not training them on the "No Lunch" forms to be submitted to reverse the automatic deduction, instructing them to fill out the forms only when they missed an entire lunch break, and often failing to provide the forms at all. (Doc. 36 at 8–10).

Plaintiff alleges she and other patient care workers almost always were unable to take uninterrupted lunch breaks because of the nature of their responsibilities for patients and Defendant's policy requiring them to prioritize patient care over their lunch breaks. (Doc. 36 at 8) (citing attached declarations). Plaintiff claims that, due to a combination of Defendant's policies and practices and the nature of their work, patient care workers were not fully compensated for all overtime work. (Doc. 36 at 6).

On May 17, 2024, Plaintiff filed this suit on behalf of herself and similarly situated employees of Defendant. (Doc. 1). She alleges that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). (Doc. 1 at 14–15). In her Motion for Conditional Class Certification (Doc. 36), attaching seven declarations of patient care workers, Plaintiff now seeks conditional class certification pursuant to 29 U.S.C. § 216(b).

## ANALYSIS

*Discovery Violations*

Defendant raises discovery violations regarding the declarations of patient care workers attached to Plaintiff's Motion for Conditional Certification. *See* (Doc. 39 at 6–7). Plaintiff's Motion relies exclusively on the declarations as the factual basis for conditional class certification and cites *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008), for the proposition that this Court should "conditionally certify a class based solely on the affidavits presented by the Plaintiffs . . .." (Doc. 36 at 14).

Defendant argues this Court should disregard "at least" five of Plaintiff's seven declarations because Plaintiff did not previously disclose them to Defendant, despite that they were executed as early as February 21, March 6, and March 15, 2025, weeks before Plaintiff served her discovery responses on April 8, 2025, and attached the declarations to her instant Motion on April 30, 2025.[1] (Doc. 39 at 6). Defendant maintains that Plaintiff, in her discovery responses of April 8, objected to Defendant's request for witness statements as work product, but did not include the previously executed declarations on any privilege log or otherwise disclose their existence. *Id.* Defendant claims it was prejudiced by Plaintiff's failure to disclose the declarations, in that timely disclosure would have allowed Defendant to challenge Plaintiff's work-product claim and depose the declarants before Plaintiff filed her Motion and the declarations. *Id.* at 7.

Plaintiff responds that Defendant failed to depose the declarants or to meet and confer about Plaintiff's assertion of the work-product doctrine, Defendant was not

---

[1] The two remaining declarations were executed on April 29, 2025, the day before Plaintiff filed her Motion for Conditional Certification.

harmed by the untimely disclosure of the declarations, and, for its part, Defendant objected to Plaintiff's requests for discovery beyond Defendant's Villa Marie location. (Doc. 40 at 8–9). Plaintiff conspicuously does not deny that she failed to disclose the declarations, or even their existence, to Defendant.[2]

The Court will not wade into the back-and-forth of this discovery dispute at this stage. But the undisputed fact is that Plaintiff failed to: disclose the declarations to Defendant, state that it was withholding the declarations, describe the nature of the declarations withheld, or include the declarations on a privilege log, all in clear violation of the Federal Rules of Civil Procedure and the Court's Case Management Order (Doc. 33).

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to provide other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims . . .."

Rule 26(b)(5)(A) provides: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (1) expressly make the claims; and (ii) describe the

---

[2] Plaintiff suggests Defendant should have moved to strike the declarations or Plaintiff's pleadings, or filed a motion to compel disclosure or discovery or for sanctions after having conferred with Plaintiff, pursuant to Federal Rules of Civil Procedure 12(f) or 37. (Doc. 40 at 9). As Defendant points out, however, Defendant was not given notice of the declarations until Plaintiff attached them to the instant Motion, and Plaintiff does not deny that.

nature of the documents, communications, or tangible things not produced or disclosed . . . .." The Case Management Order (Doc. 33 at 2) cites Rule 26(b)(5)(A) and requires: "For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel. . .. The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made."

Similarly, Rule 34(b)(2)(C) provides: "An objection must state whether any responsive materials are being withheld on the basis of that objection." The Case Management Order also cites Rule 34(b)(2)(C) and repeats: "For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection." (Doc. 33 at 2).

As for the consequences of Plaintiff's failures in this regard, Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required in Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Pursuant to Local Rule 5.04 of this Court, the Case Management Order states: "Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence." (Doc. 33 at 3).

Accordingly, in deciding Plaintiff's Motion, this Court will not consider the five declarations (Doc. 36, Exs. 2, 3, 5, 6, and 7) executed in February and March 2025 and

late disclosed to Defendant. The Court will consider the two remaining declarations of Plaintiff Stafford (Doc. 36, Ex. 1), and Certified Medical Tech Kapre Bryant (Doc. 36, Ex. 4), which were not executed until April 29, 2025, and were disclosed the next day with Plaintiff's Motion.[3]

*Conditional Certification*

In her Motion for Conditional Certification (Doc. 36), Plaintiff asks this Court to conditionally certify the following collective action:

> All current and former hourly StoneBridge Nurses, CNAs, and Medical Techs subject to StoneBridge's automatic meal break deduction policy in Missouri in the last three years. ("Patient Care Workers").

(Doc. 36 at 6).

When considering a motion for conditional certification, district courts use "one of two approaches: (1) a two-step process consisting of a lenient 'conditional certification' followed by a more rigorous review at the close of discovery; or (2) application of Federal Rule of Civil Procedure 23's requirements for class certification." *Lewis v. MHM Health Profs., LLC*, 696 F.Supp.3d 707, 720 (E.D. Mo. 2023). Courts in this District have adopted the first approach. *Id.* (citing *Salone v. Cushman & Wakefield U.S., Inc.*, No. 4:21-cv-01151-RWS, 2022 WL 123789, at *2 (E.D. Mo. Jan. 13, 2022)).

At this conditional certification step, or "notice stage," plaintiffs usually "need only provide 'substantial allegations that the putative class members were together the

---

[3] The Court's Order in this regard should not be construed to encourage late preparation and execution of such declarations to avoid their timely disclosure. That does not appear to have been the case here regarding Plaintiff's two remaining declarations.

victims of a single decision, policy, or plan.'" *Salone*, 2022 WL 123789, at *2 (quoting *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010)). Plaintiffs may make this showing with affidavits supported by admissible evidence; they cannot meet their "burden by providing 'unsupported assertions of additional plaintiffs and widespread FLSA violations.'" *Id.* When plaintiffs meet their initial burden, the court "'conditionally certifies the class, and putative class members are given notice and the opportunity to opt-in.'" *Id.*

Defendant urges this Court to apply a heightened, intermediate standard because the parties already have conducted some limited discovery. A case from our sister district, the Western District of Missouri, as well as opinions of the Fifth and Sixth Circuits, support application of a heightened standard of conditional certification when the parties have conducted some discovery. *See McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *4, *5 (W.D. Mo. Dec. 12, 2011) ("It would be inequitable to allow Plaintiffs to rely on documents generated by discovery in support of their 'Motion for Conditional Certification' and then to allow Plaintiffs to proceed with the more lenient standard applied in cases where the parties have not yet begun discovery."); *see also Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 439–41 (5th Cir. 2021); *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1010–11 (6th Cir. 2023).

In *McClean*, 2011 WL 6153091, at *5, the Western District adopted an intermediate standard that was "more stringent than the lenient first step standard, less rigorous than the second step decertification standard . . .." This test requires a court to "'compare Plaintiffs' allegations set forth in their Complaint with the factual record

7

assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists.'" *Id.* (quoting *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 827 (N.D. Ohio 2011)).

This Court need not decide whether to adopt this intermediate approach because Plaintiff has made enough of a showing to survive either the more lenient standard or the intermediate standard.

Plaintiff alleges in her Complaint that "StoneBridge hires healthcare workers, like Stafford and the other Patient Care Employees, to work in its assisted living facilities." (Doc. 1 at 5). Plaintiff also alleges that "StoneBridge uniformly classifies these employees . . . as non-exempt and pays them on an hourly basis." *Id.* These non-exempt employees all perform, according to Plaintiff, "similar work." *Id.* Plaintiff's Complaint then alleges that Defendant subjected Stafford and its "Patient Care Employees to the same illegal auto-deduct policy" whereby it "automatically deducts 30 minutes a day from its . . . Patient Care Employees' recorded work time for so-called 'meal breaks.'" (Doc. 1 at 7). Plaintiff alleges this occurred "regardless of whether Stafford and the other Patient Care Employees actually receive[d] full, uninterrupted, 30-minute meal breaks." *Id.*

Plaintiff similarly alleges in her Motion for Conditional Certification that "the Patient Care Workers are similarly situated because they all: (1) were classified as non-exempt; (2) paid on an hourly basis; (3) provided direct patient care; and (4) were subjected to Defendant's automatic meal break deduction policy." (Doc. 36 at 5). Plaintiff

supports each of these claims with her own declaration and the declaration of Certified Medical Tech Kapre Bryant, both of whom worked exclusively at Defendant's Villa Marie location and whose declarations are limited to their experiences and knowledge of the Villa Marie location. (Doc. 36, Ex. 1 at 1, 4); (Doc. 36, Ex. 4 at 1, 3–4).

In response, Defendant directs the Court to its written policy that allows employees to submit "No Lunch" forms to reverse the automatic deduction of employees' lunch breaks. (Doc. 39 at 6–7). Insomuch as this is essentially a challenge to the merits of Plaintiff's case, this Court will reserve judgment until Defendant seeks decertification. The Western District's decision in *McClean*, 2011 WL 6153091, at *4–*5, does not authorize a court to engage in a weighing of the merits at this stage, but instead has the court assess whether Plaintiff has provided evidence in addition to the allegations contained in her Complaint.

Regardless of the ultimate merits of the FLSA violation claimed by Plaintiff, a comparison of the allegations in Plaintiff's Complaint with the factual record assembled through discovery reveals that Plaintiff has "made sufficient showing beyond [her] original allegations that would tend to make it more likely that a class of similarly situated employees exists.'" *McClean*, 2011 WL 6153091, at *5 (quoting *Creely*, 789 F.Supp.2d at 827).[4]

---

[4] The application of this standard makes all the more apparent the necessity for compliance with the discovery rules and the Court's Case Management Order, as well as the harm resulting from non-compliance.

Based on the discovery in this case, Plaintiff alleges in her Motion that Defendant did not make the "No Lunch" policy clear to its employees and neglected to provide them the means to claim their unpaid mealtime. *See* (Doc. 36 at 4). Critically, Plaintiff backs these allegations with declarations stating: "Stonebridge certainly never trained the nurses that we could reverse the automatic lunch deduction based on the mere fact that we were required to remain responsible for the health and safety of our patients. . .." (Doc. 36, Ex. 1 at 3) (Doc. 36, Ex. 4 at 3). Plaintiff Stafford's declaration continues: "I never received any training on when to fill out the 'No Lunch' paper." (Doc. 36, Ex. 1 at 3). Similarly, the declaration of Kapre Bryant states, "I believe that at orientation, StoneBridge told us to only fill out the 'No Lunch' paper when we miss our lunch completely. . .. Even when we missed our lunches completely, sometimes the box with the paperwork to report missed lunches was empty, or the 'No Lunch' papers were locked in an office." (Doc. 36, Ex. 4 at 3).

The mere existence of Defendant's policy for reporting overtime work is not dispositive. "An employer's process must be reasonable, which at a minimum requires employees to know of the policy and how to use it." *Micone v. Levering Regional Health Care Ctr., L.LC.*, 132 F.4th 1074, 1079 (8th Cir. 2025); *see also Salone*, 2022 WL 123789, at *4 (quoting *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F.Supp.3d 1182, 1193 (D. Minn. 2015)).

Additionally, Defendant argues that Plaintiff has not shown Defendant's actual or constructive knowledge of the alleged practice, and thus, it was not an illegal practice under Section 216(b) of the FLSA. (Doc. 39 at 15) (citing *Micone*, 132 F.4th at 1079)).

Defendant is correct that the Eighth Circuit's decision in *Micone* requires a plaintiff to show that his employer "knew or should have known of the employee's work" before the employer "must compensate the employee." *Micone*, 132 F.4th at 1079.

Here, Plaintiff has made an adequate showing beyond the allegations in her Complaint of Defendant's actual knowledge of the failure to compensate employees for overtime hours. Plaintiff's Complaint alleges that Defendant knew Stafford and other patient care workers worked through their lunch breaks as part of their job duties caring for patients. (Doc. 1 at 13). The Complaint also alleges that Plaintiff and other patient care workers "complained to StoneBridge's management, HR, and/or their supervisors about being forced to work during their unpaid 'meal breaks.'" *Id.*

Plaintiff's declarations demonstrate that Defendant expected patient care workers to interrupt their lunch breaks to attend to patient needs and was aware they often did so. (Doc. 36, Ex. 1 at 2–3); (Doc. 36, Ex. 4 at 2–3). As already explained, Plaintiff's declarations state that patient care workers either were instructed to submit "No Lunch" sheets for compensation only when their lunches were completely interrupted, (Doc. 36, Ex. 4 at 3), or were not instructed on when to submit the forms, (Doc. 36, Ex. 1 at 3). The declarations also demonstrate that "No Lunch" forms often were not made available. (Doc. 36, Ex. 4 at 3). These declarations add clarifying details showing Defendant's knowledge beyond what was alleged in Plaintiff's Complaint, (Doc. 1 at 13).

At this early stage, Plaintiff has "provided more than mere conclusory allegations" "of a common policy or plan in order to sustain [her] burden for conditional certification." *McClean*, 2011 WL 6153091, at *5, *7. She sufficiently has provided

11

evidence in her declarations of a similarly situated class of patient care workers at Defendant's Villa Marie location affected by an allegedly unlawful policy or practice of Defendant.

*Notice*

Defendant argues that the language in Plaintiff's proposed notice is inadequate. (Doc. 39 at 17–18). Specifically, Defendant takes issue with language referring to its locations other than Villa Marie and to possible "retaliation" by Defendant against potential collective action members, and the lack of language notifying potential opt-in plaintiffs of possible litigation costs. (Doc. 39 at 17–18).

Because Plaintiff's declarations are limited to employees' experiences at Defendant's Villa Marie location, the Court will limit notice to Villa Marie.

The retaliation language is relatively standard, and this Court sees no reason to remove this language from the notice. *See*, *e.g.*, Memorandum in Support of Motion for Conditional Certification, *Sullivan v. Dent Wizard Int'l, LLC*, No. 4:25-cv-00097-CMS (E.D. Mo. Mar. 19, 2025), ECF No. 24-7; *see also*, *e.g.*, Memorandum in Support of Motion for Conditional Collective Certification, *Williams v. Insomnia Cookies, LLC*, No. 4:23-cv-00669-HEA (E.D. Mo. May 31, 2024), ECF No. 82-2.

Defendant finally objects to Plaintiff's exclusion of any language notifying potential opt-in plaintiffs of possible costs if Defendant prevails in the lawsuit. (Doc. 39 at 18). Defendant cites various cases from this District in support. *See Koenig v. Bourdeau Const. LLC*, No. 4:13-cv-00477-SNLJ, 2013 WL 5876712, at *4–5 (E.D. Mo. Oct. 31, 2013); *Halsey v. Casino One Corp.*, No. 4:12-cv-01602-CDP, 2012 WL

6200531, at *5 (E.D. Mo. Dec. 12, 2012); *Perrin v. Papa John's Intern., Inc.*, No. 4:09-cv-01335-AGF, 2011 WL 4815246, at *4 (E.D. Mo. Oct. 11, 2011).

This Court agrees with the rationale in *Koenig*, 2013 WL 5876712, at *5, that "[b]ecause an award of costs to a defendant as a prevailing party in an FLSA case is possible, in the interest of full and fair disclosure, the language should be included." "Accordingly, the language proposed by defendant shall be included in the Notice in a section titled 'Effect of Joining This Lawsuit.'" *Id.* The Court orders the following notice to potential opt-in plaintiffs:

> If you do not join this lawsuit, you will not be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. If you choose not to join this action, you are free to take action on your own or to do nothing at all.

*Id.* (citing *Denney v. Lester's, LLC*, No. 4:12-cv-00377-JCH, 2012 WL 3854466, at *6 (E.D. Mo. Sept. 5, 2012)).

Plaintiff shall revise her proposed notice consistent with this Order and submit the revised notice to the Court for approval.

*Plaintiff's Discovery Request*

Finally, Plaintiff requests an order compelling Defendant to provide Plaintiff's counsel with "the names, last known home addresses, email addresses, and phone numbers for all the Proposed Class Members." (Doc. 36 at 16). Defendant does not oppose Plaintiff's request, and substantial precedent in this District supports this practice when, as here, the parties are not using a Third-Party Administrator. *See Williams*, 2024

WL 3984955, at *4–*5 (citing cases). Therefore, this Court will grant Plaintiff's request as to all proposed class members at Defendant's Villa Marie location.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lavona Stafford's Motion for Conditional Certification (Doc. 36) is **GRANTED** in part. The Court conditionally certifies a collective action of all current and former hourly StoneBridge Nurses, CNAs, and Medical Techs subject to StoneBridge's automatic meal break deduction policy at StoneBridge's Villa Marie location in the last three years.

**IT IS FURTHER ORDERED** that Plaintiff Lavona Stafford shall revise her proposed notice and consent (Doc. 36, Ex. 8) consistent with this Order and submit the revised notice and consent to the Court for approval.

**IT IS FINALLY ORDERED** that Defendant Stonebridge must provide Plaintiff's counsel with the names, last known home addresses, email addresses, and phone numbers for all proposed class members at Defendant's Villa Marie location.

Dated this 24th day of November, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE